UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HENRY L. WATSON, III,

                Petitioner,

      v.                                                        Case No. 24-CV-400

RANDALL R. HEPP,

                Respondent.

## ORDER

Henry L. Watson, III, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. The court granted his motion to proceed without prepayment of the filing fee, screened his petition, and ordered the respondent to answer the petition. Watson now seeks release pending resolution of his habeas petition. (ECF No. 8.) He refers to 18 U.S.C. § 3143 and 3145 as the bases for his motion. Both statutes apply to persons facing or convicted of federal offenses. Neither applies to persons like Watson who are seeking relief under 28 U.S.C. § 2254.

Nonetheless, the statutory power to grant the writ gives the court the inherent power to order a petitioner's release pending final resolution of a petition. *Cherek v.*

*United States*, 767 F.2d 335, 337 (7th Cir. 1985). This power, however, must "be exercised very sparingly." *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985).

> The reasons for parsimonious exercise of the power should be obvious. A defendant whose conviction has been affirmed on appeal (or who waived his right of appeal, as by pleading guilty, or by foregoing appeal after being convicted following a trial) is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted.

*Id.*

In addition to showing the traditional factors such as that he is unlikely to flee or pose a risk of danger to the community, *see Marino v. Vasquez*, 812 F.2d 499, 509 (9th Cir. 1987), a petitioner must demonstrate a very strong claim on the merits, *United States v. Smith*, 835 F.2d 1048, 1050 (3d Cir. 1987); *Pfaff v. Wells*, 648 F.2d 689, 693 (10th Cir. 1981); *Bergmann v. McCaughtry*, 857 F. Supp. 640, 641 (E.D. Wis. 1994), and usually that there is some other exceptional circumstance such as a likelihood that he will complete his sentence before the federal court will be able to resolve his petition, *see Marino v. Vasquez*, 812 F.2d 499, 509 (9th Cir. 1987); *Iuteri v. Nardoza*, 662 F.2d 159, 162 (2d Cir. 1981).

The court finds it necessary to address only the strength of Watson's claims. Based on the court's preliminary review, it finds that he has failed to show that his claims are so strong and relief so likely that it is appropriate to order his release

pending full consideration of his claims. Accordingly, his motion for release (ECF No. 8) is **denied**.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 10th day of May, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge

3
Case 2:24-cv-00400-WED   Filed 05/10/24   Page 3 of 3   Document 11